### BUQUOI vs. [HAMPTON.

APPEAL from the court of the first district.

Every variance, in point of time, between the allegation and the proof, is not fatal.
A clause in a contract, that differences arising under it shall be settled by arbitrators, cannot be urged at the trial, if not pleaded.

MARTIN, J. delivered the opinion of the

The plaintiff claims $1682 87 1-2 for work done and materials furnished, in repairing the defendant's house, between the 1st of January, and 19th of April, 1826.

The defendant denies all this; but admits that the plaintiff and one Burr, contracted jointly with him to repair his house, and jointly performed the work stated in the petition; but through their neglect and delay, he sustained damages to the amount of $2,000 — for which he prays judgment.

The plaintiff had a verdict, which the de-

fendant unsuccessfully attempted to set aside;
and judgment being given accordingly, the
latter appealed.

Our attention is first drawn to two bills of
exceptions to opinions of the inferior judge,
overruling the plaintiff's objection to the in-
troduction of evidence of work performed be-
fore the first of January, 1826—and to the
introduction of evidence of any work per-
formed by the plaintiff, or the value thereof.

The first evidence was objected to because
it did not correspond with the allegation in
the petition which states, work performed
*after* the 1st of January.

The second—because by a clause of the
contract on file, it was agreed, that any dif-
ference arising thereout, should be referred to
arbitrators.

I. Parties must, indeed, state all circum-
stances of *time* and place; but they are not
bound so strictly to do this, as to render the
least variance fatal. In an indictment, the
commission of the offence need not be proven
on the very day stated.

II. If the defendant wished to avail himself

of the clause relating to arbitration, he ought to have done it, *in limine litis*, by his answer; but after denying the allegations, joining issue and going to trial, he cannot be allowed to prevent the introduction of evidence to support the charge.

On the merits, the facts have been found by the jury, and the judge has declared himself satisfied with their verdict; and it does not appear to us that justice requires that the case be remanded.

We are, however, bound to allow the objection of the defendant and appellant, to the allowance of interest on an unliquidated claim. *Code of Practice*, 554.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, that there be judgment for the plaintiff for the sum of twelve hundred and fifty dollars and costs in the district court, and that the plaintiff and appellee pay costs in this court.

*Carleton & Lockett* for the plaintiff, *Preston* for the defendant.